Cornelius D. Garretson,

*vs.*

Delaware State Fair, Incorporated, a corporation of the State of Delaware.

*New Castle, May* 6, 1925.

One employed by corporation to procure band of musicians for advertising by means of parades *held* not entitled to priority of claim for services, under *Revised Code* 1915, § 1971, upon insolvency of corporation, since service was not regular employment upon a wage basis, within purview of statute.

Exceptions to Claim of Priority. The claim is filed by Arthur P. Gray "for band services," and the right of priority is based on *Section* 1971, *Revised Code* 1915, which provides that when a corporation becomes insolvent—

"employees doing labor or service of whatever character in the regular employ of such corporation, shall have a lien upon the assets thereof for the amount of the wages due to them, not exceeding two months' wages respectively, which shall be paid prior to any other debt or debts of said corporation," etc.

*James H. Hughes, Jr.,* of the firm of Marvel, Marvel, Layton and Hughes, for the exceptant.

The Chancellor. The claimant was employed by the insolvent corporation to muster a number of band musicians for the purpose of advertising the approaching annual meeting of the State Fair by means of parades. The claimant agreed with the insolvent to render this service and himself engaged the various individuals who composed the band. These individuals had no dealings with the corporation and make no claim against it. They were engaged by the claimant, whose claim is for services rendered by the band as a whole.

Under these circumstances the exceptions must be sustained insofar as the priority feature is concerned. The priority given by the statute is to those only who are employees working for wages. While the facts show labor or service done by the claimant for the insolvent corporation, yet such labor or service was done not as an employee in the regular employ of the corporation upon

wages. The claimant was a contractor for a special service employing others to assist him in carrying out his contract. His claim for priority does not fall within the purview of the statute. *Vane v. Newcombe*, 132 *U. S.* 220, 10 *Sup. Ct.* 60, 33 *L. Ed.* 310.

The priority will be disallowed and the claim admitted as a general one.